UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

)
CHRISTOPHER CAVOUNIS,           )
                                )
            Petitioner,         )
                                )   Civil No.
    v.                          )   13-11310-FDS
                                )
JEFFERY GRONDOLSKY,             )
                                )
            Respondent.         )
                                )

**MEMORANDUM AND ORDER ON
RESPONDENT'S MOTION TO DISMISS**

**SAYLOR, J.**

This is a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 filed by an individual in federal custody at FMC Devens in Ayer, Massachusetts. Petitioner Christopher Cavounis alleges that, after a weapon was found in his shared prison cell, the Bureau of Prisons ("BOP") improperly disciplined him in violation of his due process and equal protection rights. He seeks to restore good-time credits that he lost as a sanction for that violation.

Respondent Jeffery Grondolsky, Warden of FMC Devens, has moved to dismiss the petition.[1] For the reasons set forth below, the motion will be granted.

**I.    Background**

On March 13, 2012, while Cavounis was incarcerated at MDC Brooklyn, prison staff conducted a search of his shared cell and found a six-inch, sharpened metal weapon at the foot of

---

[1] Pursuant to the Court's June 5, 2013 Order, Jeffery Grondolsky has been substituted for Charles E. Samuels, Director of the U.S. Bureau of Prisons. (Dkt. No. 4).

the desk, lodged between the desk's leg and the wall. Cavounis asserts that other, similar weapons were found in other cells in the prison unit.

Prison officials charged Cavounis with the disciplinary offense of possession or manufacture of a weapon in violation of Code 104. At an April 4, 2012 disciplinary hearing, Cavounis contended that he had no knowledge of the weapon and that it was found in the common area of the cell. Relying on the statement of the prison official who found the weapon, the Discipline Hearing Officer found based on the greater weight of the evidence that Cavounis had violated Code 104 and imposed sanctions, including loss of 40 days of good time.

Cavounis appealed the decision, contending that his cellmate also should have been charged with a violation because the weapon was found in the common area of the cell. On March 22, 2013, the Administrator of National Inmate Appeals denied the appeal. The written decision states that inmates are responsible to keep their area free of contraband under Program Statement 5270.09, that there is no requirement that all occupants of a cell be issued incident reports, that the disciplinary procedures were substantially followed, and that there was sufficient evidence to support the finding. (Pet. at 9).

On May 30, 2013, Cavounis filed this petition for a writ of habeas corpus. He asserts that the decision not to sanction him, but not his cellmate or other inmates, violated his rights to due process and equal protection. Respondent Grondolsky has moved to dismiss the petition.

## II.  Analysis

On a motion to dismiss, the Court "must assume the truth of all well-plead[ed] facts and give plaintiff the benefit of all reasonable inferences therefrom." *Ruiz v. Bally Total Fitness Holding Corp.*, 496 F.3d 1, 5 (1st Cir. 2007) (citing *Rogan v. Menino*, 175 F.3d 75, 77 (1st Cir.

1999)).  To survive a motion to dismiss, the complaint must state a claim that is plausible on its face.  *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).  That is, "[f]actual allegations must be enough to raise a right to relief above the speculative level, . . . on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." *Id.* at 555 (citations omitted).  "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 556).  Dismissal is appropriate if the facts as alleged do not "possess enough heft to show that plaintiff is entitled to relief." *Ruiz Rivera v. Pfizer Pharm., LLC*, 521 F.3d 76, 84 (1st Cir. 2008) (quotations and original alterations omitted).

Inmates have a protected liberty interest in good time credits.  *Superintendent, Mass. Corr. Inst. v. Hill*, 472 U.S. 445, 447 (1985).  Therefore, under the Due Process Clause, "the inmate must receive:  (1) advance written notice of the disciplinary charges; (2) an opportunity, when consistent with institutional safety and correctional goals, to call witnesses and present documentary evidence in his defense; and (3) a written statement by the factfinder of the evidence relied on and the reasons for the disciplinary action." *Id.* at 454 (citing *Wolff v. McDonnell*, 418 U.S. 539, 563-67 (1974)).  The petition does not contend that the prison failed to follow those procedures here, and the attached exhibits appear to demonstrate compliance.

Petitioner contends that his constitutional right to equal protection under the Due Process Clause was violated because he was disciplined while other inmates, including his cellmate, were not.  However, the petition does not identify him as a member of a protected class nor allege that defendant intentionally discriminated against him because he belonged to that class. *See Alexis v. McDonald's Restaurants of Massachusetts, Inc.*, 67 F.3d 341, 354 (1st Cir. 1995).

Moreover, the decision of the prison not to discipline other inmates is not a cognizable claim under the Due Process Clause, absent evidence of improper motive. *See United States v. Armstrong*, 517 U.S. 456, 464-65 (1996); *Kuperman v. Wrenn*, 645 F.3d 69, 77-78 (1st Cir. 2011). Even though, as petitioner states, BOP may hold each cell occupant responsible for contraband found in the common area of a cell, neither its policies nor the Constitution require it to do so. *See Rosa v. Grondolsky*, 2013 WL 3491077, at *9 (D. Mass. July 9, 2013) (dismissing equal protection claim based on inmate having received harsher penalty than others involved in the same offense); *see also Ustrak v. Fairman*, 781 F.2d 573, 575-76 (7th Cir. 1986) (denying equal protection claim where inmate was disciplined for contraband in cell but cellmate was not absent evidence of selective prosecution or racial bias).

Accordingly, the motion to dismiss will be granted.

### III. Conclusion

For the foregoing reasons, respondent's motion to dismiss is GRANTED.

**So ordered.**

/s/ F. Dennis Saylor
F. Dennis Saylor IV
United States District Judge

Dated: January 29, 2014